# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY EZEBUIROH, # S-12813, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1312-SMY |
| TAMMY PITTAYATHIKUN, K. SMOOT, and JEFF DENNISON, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Shawnee Correctional Center ("Shawnee").[1] Plaintiff claims Defendants were deliberately indifferent to his serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

---

[1] He was released on parole shortly thereafter. (Doc. 6).

1

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint and exhibits, the Court concludes that this action is subject to summary dismissal pursuant to § 1915A.

## **The Complaint**

Plaintiff alleges the following facts: On February 16, 2018, Plaintiff sought treatment for an uncomfortable and irritating wart on his testicles. (Doc. 1, p. 5). Physician Assistant Pittayathikun treated Plaintiff with a wart removal topical medication that was applied to the affected skin area. The first application of this medication started to remove the skin from

Plaintiff's testicles, causing unbearable pain. Plaintiff complained about the medication to Pittayathikun and to the nurses, but they continued to use the same medication for almost a month. (Doc. 1, pp. 5-6). Pittayathikun continued the same treatment even though she saw the injury, and the medication never removed the wart. (Doc. 1, p. 7).

Plaintiff saw Dr. David (who is not a Defendant) during this time, and he opined that Pittayathikun had given Plaintiff the wrong medication. (Doc. 1, p. 6). Dr. David tried to correct the mistake "to no avail." *Id.*

Plaintiff filed a grievance over Pittayathikun's "ill treatment" and inability to treat his condition. (Doc. 1, p. 10). Smoot (Health Care Administrator) responded that Plaintiff had been appropriately treated. (Doc. 1, pp. 6, 8). Smoot tried to cover up for mistakes made by Pittayathikun and the nurses, which makes Smoot deliberately indifferent to his condition. (Doc. 1, p. 6).

Warden Dennison did nothing to address the "customs and practices" of the Health Care Unit staff. *Id.*

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Pittayathikun, for treating Plaintiff's wart with medication that injured him and was ineffective

against the wart;

**Count 2:** Eighth Amendment deliberate indifference claim against Smoot and Dennison, for failing to take action in response to Plaintiff's grievance complaining about his medical treatment.

Both counts will be dismissed for failure to state a claim upon which relief may be granted.

### Dismissal of Count 1 – Pittayathikun

In order to state a claim for deliberate indifference to a serious medical need, an inmate must sufficiently allege that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

The Eighth Amendment does not entitle inmates to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

The Court will presume for the sake of discussion that Plaintiff's wart qualified as an objectively serious medical condition. That said, as to the subjective portion of the deliberate indifference claim, Pittayathikun rendered prompt treatment to Plaintiff after he sought medical attention for the wart. She used medication that she believed would be effective to remove it. These actions are the opposite of deliberate indifference and do not suggest any violation of Plaintiff's Eighth Amendment rights. *See Gomez*, 680 F.3d at 865. Moreover, the fact that a prescribed treatment proves to be ineffective does not support a deliberate indifference claim. *See Duckworth*, 532 F.3d at 680.

As to the injury Plaintiff sustained from the application of the wart medication on February 16, 2018, a document Plaintiff submitted along with his Complaint contradicts his claim of deliberate indifference. (Doc. 1, p. 8). According to this memo authored by Smoot in response to Plaintiff's grievance (Doc. 1, p. 10), Plaintiff's medical chart shows that he had received 2 treatments with the same medication *before* February 16, 2018 and had no adverse side effects. (Doc. 1, p. 8). When he reported to nurse sick call ("NSC") on February 17, 2018, for "what appeared to be a burn to the wart area," he was promptly treated with a cream. *Id.* Plaintiff was then seen by the doctor on February 19, 2018 and daily thereafter for follow-up treatment. *Id.*

Plaintiff filed another grievance after receiving Smoot's response, in which he protested Smoot's statement that he had refused medical attention on March 5, 2018 for follow-up care. (Doc. 1, pp. 8, 11-12). Plaintiff claimed that on that day, he waited for the doctor for 3 hours, but was forced to return to his housing unit without seeing anyone so that he could use the bathroom. (Doc. 1, pp. 11-12). Plaintiff did not contradict any other part of the summary of his treatment history related in Smoot's memo. (Doc. 1, p. 8). These facts indicate that Plaintiff

received prompt treatment for what appeared to be an unexpected side effect of the medication Pittayathikun used for the wart and do not support a claim for deliberate indifference.

Finally, Dr. David's alleged statement that Pittayathikun had given Plaintiff the wrong medicine does not establish that Pittayathikun was deliberately indifferent to his condition. A difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques). It is possible that Pittayathikun's treatment choice might amount to malpractice or negligence – but if so, such wrongdoing does not violate the Constitution. *See Duckworth*, 532 F.3d at 679.

For these reasons, Plaintiff fails to state a deliberate indifference claim upon which relief may be granted against Pittayathikun. **Count 1** will therefore be dismissed with prejudice. The dismissal of this claim, however, does not preclude Plaintiff from pursuing a state law claim for negligence or malpractice if he should seek to do so. The Court makes no comment on the potential merits of such a claim in state court.

### Dismissal of Count 2 – Smoot and Dennison

As an initial matter, the failure to state a viable deliberate indifference claim in Count 1 against Pittayathikun defeats any deliberate indifference claim against Smoot or Dennison arising out of Pittayathikun's conduct. Smoot's alleged attempt to "cover up" mistakes by Pittayathikun or other nursing staff states no claim where Pittayathikun's actions did not violate the Constitution.

Further, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions, so neither Dennison nor Smoot may be held liable merely because of their

supervisory positions. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). And like Smott, Dennison did not violate Plaintiff's rights, because there was no unconstitutional conduct that he should have corrected. Accordingly, **Count 2** must also be dismissed with prejudice for failure to state a claim upon which relief may be granted.

The Court is cognizant of the general preference to allow a *pro se* litigant to amend a Complaint that fails to state a claim in order to correct the deficiencies in the pleading. *See* FED. R. CIV. P. 15(a). However, based on the facts presented by Plaintiff, the Court finds that amendment of the Complaint would not result in a viable deliberate indifference claim against any of the named defendants. Leave to amend need not be granted if it is clear that any amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Amendment would be futile in this case, because the events described in the Complaint and exhibits do not reveal any actions that amount to deliberate indifference to Plaintiff's medical condition. Therefore, this matter will be dismissed with prejudice and without leave to amend.

## Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), because Plaintiff was a prisoner at the time the case was filed.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 9, 2018**

s/ STACI M. YANDLE
United States District Judge